En el Tribunal Supremo de Puerto Rico

| IN RE: | |
|---|---|
| LCDO. DAVID W. ROMAN RODRIGUEZ<br>      Querellado<br><br>      V. | CONDUCTA<br>PROFESIONAL<br><br>99TSPR34 |

Número del Caso: AB-98-192

Abogados de la Parte Peticionaria: Lic. María De Lourdes Rodríguez
Oficial Investigadora
Colegio de Abogados de P.R.

Abogados de la Parte Recurrida:

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 2/10/1999

Materia:

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. David W. Román Rodríguez

AB-98-192

PER CURIAM

San Juan, Puerto Rico, a 10 de febrero de 1999.

El 26 de agosto de 1997, Roberto Rivera Baerga, presentó ante el Colegio de Abogados de Puerto Rico una queja bajo juramento contra el Lcdo. David W. Román Rodríguez, mediante la cual, _inter alia_, le imputaba haber cobrado $5,000.00 por servicios profesionales que no había rendido. El 12 de septiembre de 1997, la Comisión de Etica Profesional del Colegio de Abogados se dirigió al licenciado Román Rodríguez, enviándole copia de la queja aludida, y concediéndole un término de quince (15) días para que reaccionara a dicha queja.

El 11 de mayo de 1998, varios meses después de haber transcurrido el término que le había fijado la Comisión de Etica del Colegio de Abogados

al licenciado Román Rodríguez para contestar, sin que éste lo hubiese hecho, dicha Comisión volvió a comunicarse con Román Rodríguez para concederle un término adicional de diez (10) días para formular su posición ante la queja referida, con el debido apercibimiento de que no atender los reclamos del Colegio sobre el particular constituía por sí solo una falta de ética.

El Lcdo. David W. Román Rodríguez tampoco contestó el segundo requerimiento de la Comisión de Etica del Colegio de Abogados sobre la queja pendiente. El vista de ello, el 28 de agosto de 1998, la Comisión le dio un tercer término de veinte (20) días para recibir una contestación a la queja pendiente, advirtiéndole al Lcdo. David W. Román Rodríguez que de no contestar este tercer requerimiento, el asunto sería sometido al Tribunal Supremo de Puerto Rico para la acción correspondiente.

Transcurrido el término referido sin que el licenciado Román Rodríguez hubiese contestado la queja pendiente, el 10 de noviembre de 1998, la Comisión de Etica Profesional del Colegio de Abogados trajo el asunto a nuestra atención para la acción que estimásemos pertinente. El 15 de diciembre de ese mismo año, mediante Resolución notificada personalmente, le concedimos un término de quince (15) días al licenciado Román Rodríguez para que contestase los requerimientos del Colegio de Abogados, y para que le expusiese a este Tribunal las razones, si alguna tenía, por las cuales no debía ser sancionado por su incumplimiento con los requerimientos del

Colegio de Abogados. Le apercibimos que su incumplimiento con nuestra Resolución podría acarrear ulteriores sanciones disciplinarias en su contra.

El licenciado Román Rodríguez no atendió nuestra Resolución del 15 de diciembre de 1998.

Han transcurrido cerca de dos (2) meses desde que se notificó la Resolución nuestra del 15 de diciembre de 1998 sin que el Lcdo. David W. Román Rodríguez haya contestado nuestras Resoluciones. Tampoco ha contestado los requerimientos del Colegio de Abogados.

Sencillamente, el licenciado Román Rodríguez no ha cumplido con la orden de este Tribunal ni con los repetidos requerimientos del Colegio de Abogados, demostrando así que no tiene interés alguno en continuar ejerciendo la abogacía en nuestra jurisdicción.

I

Ya antes hemos resuelto que los abogados tienen el deber de atender las comunicaciones del Colegio de Abogados relacionadas con investigaciones disciplinarias. In re: Ríos Acosta I, Per Curiam de 19 de mayo de 1997, 143 D.P.R. ___, 97 JTS 90. Además, reiteradamente hemos resuelto que los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de una queja presentada en su contra que está siendo investigada, independientemente de los méritos de la misma. De igual forma, en numerosas ocasiones

hemos preceptuado que la indiferencia de los abogados a responder a órdenes de este Tribunal apareja la imposición de sanciones disciplinarias severas.  In re: Rivera Rodríguez, Per Curiam del 19 de enero de 1999, ___ D.P.R. ___, ___ JTS ___; In re: Torres Zayas, Per Curiam del 30 de noviembre de 1998, ___ D.P.R. ___, ___ JTS ___; In re: Laborde Freyre, Per Curiam de 13 de febrero de 1998, 144 D.P.R. ____, 98 JTS 15; In re: Manzano Velázquez, Per Curiam de 7 de noviembre de 1997, 144 D.P.R. ___, 97 JTS 135; In re: Escalona Vicenty, Per Curiam de 22 de mayo de 1997, 143 D.P.R. ___, 97 JTS 91; In re: Claudio Ortiz, Per Curiam de 8 de noviembre de 1996, 141 D.P.R. ___, 96 JTS 153; In re: Sepúlveda Negroni, Per Curiam del 25 de octubre de 1996, 141 D.P.R. ___, 96 JTS 140; In re: Rivera Rivera, Per Curiam de 20 de junio de 1996, 141 D.P.R. ___, 96 JTS 113; Colegio de Abogados v. Diversé Verges y Otros, Op. de 16 de junio de 1994, 137 D.P.R. ___, 94 JTS 97; In re: Pérez Bernabé, Op. de 19 de mayo de 1993, 133 D.P.R. ___, 93 JTS 82; In re: Ribas Dominicci y Otros, Op. de 31 de agosto de 1992, 131 D.P.R. ___, 92 JTS 114.

Por todo lo anterior, se suspende indefinidamente del ejercicio de la abogacía al licenciado Román Rodríguez, hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Lcdo. David W. Román Rodríguez

                                    AB-98-192




                              SENTENCIA



San Juan, Puerto Rico, a 10 de febrero de 1999.



        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, se suspende indefinidamente del ejercicio de la abogacía al Lcdo. David W. Román Rodríguez, hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho.

        Se ordena a la Oficina del Alguacil que se incaute de su obra notarial, incluso sello notarial, para ser remitida, examinada y oportunamente objeto de un Informe por parte de la Oficina de Inspección de Notarías.

        Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.



                              Isabel Llompart Zeno
                              Secretaria del Tribunal Supremo